DENNIS, Justice,
concurring.
Though I agree with the majority’s result, I cannot follow its reliance on the absence of a “property right” in Super City for the resolution of this dispute. Rather, I *648 believe that, by virtue of its tentative agreement with the Commission, Super City may have had an enforceable interest, but this interest became unworthy of protection once Super City’s obligation to furnish commitments from the boxers and the arena became impossible to perform.
The majority reasons that injunctive relief or relief on the merits cannot lie where there exists no “property right.” This proposition has no support in our law. Far from requiring an interest in property, our law requires only that claimants demonstrate an interest which the law will recognize in order to seek judicial relief. La. Code Civ.P. art. 681; Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La. 1982) (an interest held by a local police jury to be free from damage to its drainage project from unlawful drainage by adjacent landowners); Louisiana Independent Auto Dealers Assoc. v. State, 295 So.2d 796 (La.1974) (the interest of plaintiff used car dealers in the constitutionality of an act regulating motor vehicle credit transactions). I believe that such an interest was shown prior to the collapse of Super City’s plans, but that the impossibility of arranging the anticipated fight extinguished this interest. For this reason, I believe that the majority’s discussion of property rights is of doubtful necessity and validity.